IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BILLIE JAY HIGH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-584 |
| § | |
| BNSF RAILWAY CO., et al. § | |
| § | |
| Defendants. § | |

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**

This case arises out of claims of personal injuries made by Plaintiff Billie Jay High ("Plaintiff") against Defendants BNSF Railway Company, Gregory Neal Ball, and Bova Express Limited ("Bova"). Now before the Court comes Defendant Bova's Motion to Transfer this case to the Northern District of Texas, Dallas Division, the Western District of Texas, Waco Division, or the Southern District of Texas, Houston Division. For the reasons articulated below, Defendant's Motion is **GRANTED** and this case is **TRANSFERRED** to the Western District of Texas, Waco Division.[1]

**I. Background**

Plaintiff was allegedly injured by repetitive trauma while employed by BNSF Railway, which was exacerbated when he was broad-sided by a tractor-trailer driven by Gregory Neal, a Bova truck driver. The motor-vehicle accident occurred in Midlothian, Texas on or about May 29, 2006. Plaintiff is a resident of Teague, Texas, located in the Waco Division of the Western District of

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1

Texas.

## II. Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case.  *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed.").  In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.  *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

## III. Analysis

*A. Availability and Convenience of Witnesses and Parties*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis.  *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998)

2

(citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)).  Bova argues that while the majority of the key witnesses in this case are scattered around the country, none of them reside in the Galveston Division.  Specifically, Bova points to Plaintiff, who lives in the Waco Division, Defendant Ball, who lives in the Houston Division, Bova's corporate representative and safety director, who both reside in Wisconsin, Officer David Klein of the Midlothian Police Department, which is located in the Dallas Division, and Plaintiff's initial treating physicians, who are likely located in or near Teague or Midlothian.  Defendant also notes that most of its Texas operations are based in Dallas and that BNSF is headquartered in Fort Worth.  Plaintiff points to his current treating physicians and three additional experts, who all live in the Southern District of Texas, Houston Division.  However, Plaintiff's experts have been retained, and there is no reason to believe that their testimony cannot be either compelled or presented by deposition.  Although there is no one division with a majority of the likely fact witnesses, they are more heavily congregated in the Northern and Western Districts of Texas.  This factor weighs in favor of transfer.

B.  *Cost of Trial*

Since most witnesses reside in northern Texas, it logically follows that a trial there would most likely be cheaper.  However, there are inevitable costs associated with a trial in any locale, and it is unlikely that the difference in cost between a trial held here and one held in either Waco or Dallas will be substantial.  Therefore, this factor does not weigh for or against transfer.

C.  *Location of Books and Records*

3

Bova 4has not given the court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

D. *Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference. However, Plaintiff's choice of forum is entitled to less deference when he does not reside within this Division or even this District. *See, e.g.*, *Robertson*, 979 F. Supp. at 1109 (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff is a resident of Teague, Texas, located in the Waco Division. Since this case has no connection to this District or Division, Plaintiff's choice of forum is entitled to little deference, and this factor does not weigh for or against transfer. However, in determining which of Bova's proposed forums is the most appropriate, the Court has strongly considered Plaintiff's residence. The Court is often presented with transfer motions which propose a shift of inconvenience from the large corporate defendants to the individual plaintiff. In this case, the Court has attempted to avoid this outcome by choosing the forum closest to Plaintiff's residence.

E. *Place of the Alleged Wrong*

The place of the alleged wrong is one of the more important factors in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106. The alleged wrong took place in Midlothian, Texas, located in the Dallas Division. The residents of this Division have little, if any, interest in the outcome of this case. Additionally, while Midlothian is not located in the Waco Division, it is much closer to Waco than it is to Galveston.

F. *Potential for Delay and Prejudice*

4

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). This case has not been set for trial yet. Transfer at this early stage in the litigation will not cause significant delay.

## IV. Conclusion

After examining the relevant venue factors, coupled with the specific facts of this lawsuit, the Court concludes that Bova has carried its burden of demonstrating that transferring this case to the Western District of Texas, Waco Division would increase the convenience of all involved and would be in the interest of justice. For these reasons, and those outlined above, Bova's Motion to Transfer Venue is **GRANTED**. This case is hereby **TRANSFERRED** to the United States District Court for the Western District of Texas, Waco Division. All pending motions are left to the discretion of the transferee Court. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this day of 17th November, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge